1 | Christine Tour-Sarkissian, CFLS (SBN 118794)
Abigail M. Morris (SBN 223278)

2 | TOUR-SARKISSIAN LAW OFFICES, LLP
211 Gough Street, Third Floor

3 | San Francisco, CA 94102
Telephone (415) 626-7744

4 | Facsimile (415) 626-8189

5 | Attorneys for Applicant,
SHEIKH ABDULAZIZ BIN KHALIFA AL-THANI

6

7

8 | **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

9

10 | In Re Application of  SHEIKH ABDULAZIZ BIN KHALIFA AL-THANI,

11 |

Case No.:

12 | Applicant,

**DECLARATION OF APPLICANT, SHEIKH ABDULAZIZ BIN KHALIFA AL-THANI, IN SUPPORT OF EX-PARTE APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. §1782 IN AID OF FOREIGN PROCEEDING**

13

14

15

16

17

18 | I, SHEIKH ABDULAZIZ BIN KHALIFA AL-THANI, declare as follows:

19 | 1. I am the Applicant in this action. I have personal knowledge of the matters

20 | contained herein, except those matters that I alleged on information and

21 | belief. If called to testify, I could testify competently to said matters.

1

2. This declaration is being made in support of my Ex Parte Application for Discovery Order Pursuant to 28 U.S.C. §1782 in Aid of Foreign Proceeding.

3. The Foreign Proceeding in question is a family law action related to the custody and support of the children I share with Kasia Gallanio (hereinafter "Kasia"), pending before a court in France.

4. Kasia and I were never married but we are the parents of three (3) minor children Y.A. (DOB: ███ 2004), M.A. (DOB: ███ 2004) and R.A. (DOB: ███ 2006). Kasia, our children and I have resided, at all relevant times, in Paris, France.

5. Kasia and I separated in July 2009. I filed a family law action in the Tribunal de Grande Instance de Paris (hereinafter the "French Court") regarding the custody and support of our three (3) children and on February 12, 2010, the French Court issued a Judgment awarding Kasia and me joint legal custody of their three (3) minor children. Kasia was awarded primary physical custody and I was awarded visitation rights. Child Support and related orders were also issued although such orders are not relevant to the present application and will therefore not be discussed further.

6. In early 2017, I filed a request for custody of M.A. in the French Court. On March 2, 2017, the French Court issued a temporary order granting me custody of M.A. and provided Kasia with visitation rights. The custodial

1    and visitation rights regarding Y.A. and R.A. remained as ordered on

2    February 12, 2010.  A review hearing was scheduled for June 12, 2017.

3    7. At the June 12, 2017 hearing, the Court extended it March 2, 2017 custodial

4    orders.  In addition, based on the serious claims of drug and alcohol abuse

5    on the part of Kasia, the French Court and ordered a medico-psychological

6    and custody evaluation be completed by Dr. Zagury.  A review hearing was

7    set for December 18, 2017 but was later continued and is now set for

8    October 8, 2018.  The medico-psychological and custody evaluations have

9    not yet been completed.

10   8. In July 2018, Kasia traveled to California with two (2) of our children, Y.A.

11   and M.A., while R.A. decided to stay in France with me.  I am informed

12   and believe that R.A. decided to stay in France, at least in part, due to

13   Kasia's erratic behavior and alcohol abuse issues.  Kasia and the two (2)

14   children first stayed in a rental home and then at the Beverly Wilshire

15   Hotel.  While in California, Kasia and the children spent time with maternal

16   grandfather and friends.  I am now informed and believe that Kasia's drug

17   and alcohol abuse worsened and Kasia expressed suicidal thoughts.

18   9. I am informed and believe that, on July 22, 2018, Kasia was at the Beverly

19   Wilshire Hotel with the children.  I am further informed and believe that

20   Kasia's friend, Gregory Bear, after witnessing Kasia's disturbing behavior

21   and after hearing her verbalize suicidal thoughts, contacted security at the

1   hotel who then contacted the Beverly Hills Police Department and

2   paramedics from the Beverly Hills Fire Department to assist and evaluate

3   Kasia.  I am informed that, based on that evaluation, it was determined that

4   Kasia was a danger to herself and was immediately transferred to Cedars

5   Sinai Medical Center and put on a seventy-two (72) hour psychiatric hold.

6   10. I am informed that the Beverly Hills Police Department released our

7   children to Greg Bear late on July 22, 2018.  Y.A. and M.A. each returned

8   to France separately after the incident and all three (3) children have been

9   residing with me since their return to France.  I have not heard from or seen

10   Kasia since late July 2018 and I am informed and believe that our children

11   have not seen Kasia but that they each recently received a letter from Kasia,

12   delivered to their school.  The content of these letters, which the children

13   gave to me, only increase my concerns for the safety and well-being of our

14   children while in Kasia's custody.

15   11. At the October 8, 2018 hearing or thereafter if such hearing is continued

16   again, I intend to request permanent sole legal and physical custody of the

17   three (3) minor children with no visitation for Kasia at this point.  To assist

18   me with such request, I would like to request the records related to Kasia

19   and the July 22, 2018 incident from the Beverly Hills Police Department,

20   Beverly Hills Fire Department and Cedars Sinai Medical Center.  Because

21   the custody matter is pending in a French Court, I am compelled to seek the

1   assistance of this Court to obtain the documents and information necessary

2   to assist the French Court in determining the best interests of the minor

3   children and ruling on my request for sole custody.

4   12. I am informed and believe that I will need a Court Order to issue subpoenas

5   to the Beverly Hills Police Department, Beverly Hills Fire Department and

6   Cedars Sinai Medical Center because no such entities will release records

7   without a subpoena. Without this discovery, I fear that the French Court will

8   not have the evidence necessary to protect our children and to make custody

9   orders that are in our children's best interests.

10  13. Based on the foregoing and the other documents submitted in support of my

11  request, I am requesting that the Court grant me application and authorize

12  the issuance of the specified subpoenas to (1) The Beverly Hills Police

13  Department, (2) The Beverly Hills Fire Department and (4) Cedars Sinai

14  Medical Center.

15  I declare under penalty of perjury under the laws of the State of California

16  that the foregoing is true and correct.

17  Dated this __13__ day of September, 2018.

18



19  _____

20  Sheikh Abdulaziz Bin Khalifa Al-Thani,
    Applicant

21